

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-15-2003

# USA v. Williams

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3876

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Williams" (2003). *2003 Decisions.* Paper 368.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/368

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 02-3876
_____

UNITED STATES OF AMERICA

V.

PERRY WILLIAMS,

*Appellant*

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. No. 01-cr-00343)
District Judge: Honorable J. Curtis Joyner
_____

Submitted under Third Circuit LAR 34.1(a)
June 23, 2003

Before: SLOVITER, AMBRO and BECKER, *Circuit Judges.*

(Filed July 15, 2003)

_____

OPINION
_____

BECKER, *Circuit Judge*.

This is an appeal by Perry Williams from the final judgment of the District Court.

The question before us is whether Williams's trial counsel was ineffective under the

(applicable) standard of *Strickland v. Washington*, 466 U.S. 668 (1984). Williams alleges three ways in which trial counsel was ineffective, none of which is sufficient to warrant a reversal.

The first allegation is that counsel failed to file a motion to suppress the evidence obtained in the search of Williams's home. Williams asserts that his attorney was unfamiliar with the standards that govern such searches, and also that there was no reasonable suspicion to support the search. Williams's counsel testified that he did not file a motion to suppress because he felt such a motion would be meritless. The merit of the motion turns on the existence *vel non* of reasonable suspicion, the applicable test for a parolee such as Williams, which is determined by the totality of the circumstances. That "process allows officers to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that might well elude an untrained person." *United States v. Arvizu*, 534 U.S. 266, 273 (2002)(quotation omitted).

Reasonable suspicion was clearly present here — Williams was arrested for driving a motor vehicle, a violation of the terms of his parole, and in the car officers found a beeper, another violation. When combined with the testimony of Carla Trippett and her mother that Williams was selling drugs, reasonable suspicion existed. Agent Bordoni corroborated that testimony as far as possible, observing what he believed to be a drug deal. Reasonable suspicion can be less than the preponderance of evidence

2

standard, and given that it almost certainly existed, Williams's attorney was not ineffective by not moving to suppress.[1]

The second way in which Williams's attorney allegedly rendered ineffective assistance was in failing to object to the testimony of Detective Matthew McDonald, an expert in the distribution of illegal drugs. He testified, *inter alia*, that "[w]e look at organizations involved in high levels of violence, drug dealing and using firearms and try to work investigations and bring [suspects] to justice." Williams argues that this testimony was inadmissible under Federal Rule of Evidence 402 because it was not relevant. We disagree. At all events, Williams's attorney testified that he believed the testimony was not objectionable and did not want to highlight it, a decision that falls squarely within the "strategy deference" afforded under *Strickland*.

The third alleged act of ineffective assistance was that trial counsel failed to present evidence that Carla Trippett had falsely accused Williams of stabbing someone while testifying before the grand jury. At the evidentiary hearing, Trippett acknowledged that Williams actually had not stabbed her friend, and testified:

> Q. At the grand jury, you told the grand jury that Mr. Williams stabbed Lenora, a friend of yours?
>
> A. Yes.
>
> Q. And that was a lie?

---

[1] Counsel also believed that Williams had consented to the search, but we need not address that point.

A.  Yeah, it was a lie.

Williams submits that his attorney ought to have cross-examined Trippett on this point. Instead, he moved *in limine* to exclude any reference to such allegation.  The fact that Trippett lied about the stabbing did not come out until after the verdict, so that Williams's attorney had no reason to think it was false, and he therefore chose not to cross-examine a witness who knew a lot about his client's affairs.  This too was a reasonable strategic decision.

Williams also argues that he is entitled to a new trial because after he was convicted, Carla Trippett recanted her trial testimony in letters she wrote to Williams while he was in prison.  But Trippett testified at the evidentiary hearing that her trial testimony was true while her unsworn recantations were false.  The Court that heard her trial and post-verdict testimony concluded that "Trippett did not recant her trial testimony and never testified under oath to anything contrary to her testimony at trial about the defendant's possession and control of the [cocaine.]"  The cases are legion that courts look upon recantations with great suspicion.  The denial of a new trial was not an abuse of discretion.

The order of the District Court will be affirmed.

TO THE CLERK:

Please file the foregoing opinion.


/s/ Edward R. Becker
Circuit Judge

5